Mark S. Olinsky
Theodora McCormick
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, NJ 07293
Tel: (973) 643-7000
Fax: (973) 643-6500

James Galbraith
Robert V. Cerwinski
Huiya Wu
KENYON & KENYON LLP
One Broadway
New York, NY 10004
Tel: (212) 425-7200
Fax: (212) 425-5288

*Attorneys for Defendant Roxane Laboratories, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MEDEVA PHARMA SUISSE A.G., and PROCTER & GAMBLE PHARMACEUTICALS, INC.,<br><br>*Plaintiffs,*<br><br>v.<br><br>ROXANE LABORATORIES, INC.<br><br>*Defendant.* | Civil Action No. 07-5165 (FLW)(TJB)<br><br>**DECLARATION OF<br>DAVID H. SILVERSTEIN<br>IN SUPPORT OF MOTION<br>TO SEAL** |

DAVID H. SILVERSTEIN, under penalty of perjury, declares as follows:

1. I am an associate with the law firm of Kenyon & Kenyon LLP, attorneys for defendant Roxane Laboratories, Inc. ("Roxane"). I submit this declaration in support of Roxane's motion to seal certain materials pursuant to Local Civil Rule 5.3(c).

2. The materials that Roxane seeks to seal include or reference documents and associated information related to documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to a Discovery Confidentiality Order executed by the parties, and entered in this action by the Honorable Tonianne J. Bongiovanni, U.S.M.J. on May 21, 2008.

3. Pursuant to Paragraph 26 of the Discovery Confidentiality Order, a party seeking to file any submission that discloses "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material must file a motion "to seal or otherwise restrict public access to the CONFIDENTIAL or HIGHLY CONFIDENTIAL material."

4. Under the terms of the Discovery Confidentiality Order, the materials designated "CONFIDENTIAL" include: (a) all copies, extracts, and complete or partial summaries prepared from CONFIDENTIAL Material; (b) portions of deposition transcripts and exhibits thereto that contain, summarize, or reflect the content of any such CONFIDENTIAL Material; (c) portions of briefs, memoranda, or any other writings filed with the Court and exhibits thereto that contain, summarize, or reflect the content of any such CONFIDENTIAL Material; (d) written discovery responses and answers that contain, summarize, or reflect the content of any such CONFIDENTIAL Material; and (e) deposition testimony designated in accordance with paragraphs 11-12 of the Discovery Confidentiality Order.

5. Under the terms of the Discovery Confidentiality Order, materials designated as "HIGHLY CONFIDENTIAL" shall include, for example, (a) all copies, extracts, and complete or partial summaries prepared from HIGHLY CONFIDENTIAL Material; (b) portions of deposition transcripts and exhibits thereto that contain, summarize, or reflect the content of any such HIGHLY CONFIDENTIAL Material; (c) portions of briefs, memoranda, or any other writings filed with the Court and exhibits thereto that contain, summarize, or reflect the content of any such HIGHLY

CONFIDENTIAL Material; (d) written discovery responses and answers that contain, summarize, or reflect the content of any such HIGHLY CONFIDENTIAL Material; and (e) deposition testimony designated in accordance with paragraphs 11-12 of the Discovery Confidentiality Order.

6. I make this certification based upon my knowledge in support of the Motion to Seal Materials. Sealing is sought for the following documents or portion of documents:

> Pages 4, 5, 7, 8, 12, 13, and 14 of *Defendant Roxane's Opposition to Plaintiffs' Motion to Preclude Roxane from Disputing the Location and Duration of Release of Mesalamine from Roxane's Generic Product and Asacol in the Human Body*; and
>
> Exhibits C, D, E, F, G, H, I, J, K, M, S, AA, BB, and CC of the *Declaration of David H. Silverstein.*

7. This is a patent infringement case and involves confidential information with respect to the commercial activities of both parties that is of a commercially sensitive and proprietary manner.

8. Both parties are seeking to protect their commercial interests which could be compromised should their competitors gain access to this confidential information and use the commercially sensitive, proprietary and/or trade secret information to provide an unfair advantage over the parties.

9. It is believed that the clearly defined and serious injury that would result should the Motion for an Order to Seal Materials not be granted is that Roxane's confidential business information and strategies would be revealed to their competitors and these competitors would unjustly gain the ability to thwart, anticipate, or usurp those plans and strategies to the competitors' advantage and the parties' loss.

10. It is believed that no less restrictive alternative is available to prevent the defined and serious injury to the parties.

3

11. With respect to any of Plaintiffs' documents referenced or attached as an Exhibit to Roxane's Opposition Brief, Roxane is unable to identify: (i) the legitimate private or public interests which warrant sealing the materials; (ii) the clearly defined and serious injury that would result if the relief sought is not granted and (iii) why a less restrictive alternative to the relief sought is not available. Therefore, we respectfully invite Plaintiffs to supplement this application to seal and address the foregoing points.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 12, 2010

_____
David H. Silverstein