UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(609) 989-2040

CHAMBERS OF
**TONIANNE J. BONGIOVANNI**
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
402 E. STATE STREET, RM 6052
TRENTON, NJ 08608

March 29, 2010

## LETTER ORDER

Re:   Medeva Pharma Suisse A.G., et al. v. Roxane Laboratories, Inc.
      Civil Action No. 07-5165 (FLW)

Dear Counsel:

As you are aware, on March 4, 2010 the Court entered an Order regarding Defendant Roxane Laboratories, Inc.'s (Roxane) pending motion to seal the following information:  (1) Pages 4, 5, 6, 7, 8, 12, 13 and 14 of Roxane's Opposition to Plaintiffs' Motion to Preclude Roxane from Disputing the Location and Duration of Release of Mesalamine from Roxane's Generic Product and Asacol in the Human Body; and (2) Exhibits C, D, E, F, G, H, I, J, K, M, S, AA, BB and CC attached to the Declaration of David H. Silverstein (collectively, the "Confidential Materials").  In that Order, the Court instructed Plaintiffs to supplement Roxane's motion by way of either a letter brief or declaration to explain why their information contained in Roxane's opposition papers should be sealed under L.Civ.R. 5.3(c)(2).  Plaintiffs provided the requested declaration, in which they requested that the following sections of documents be sealed:  (1) portions of pages 7 and 14 of Defendant Roxane's Opposition to Plaintiffs' Motion to Preclude Roxane from Disputing the Location and Duration of Release of Mesalamine from Roxane's Generic Product and Asacol in the

Human Body; and (2) Exhibits J and S attached to the Declaration of David H. Silverstein. For the reasons stated briefly below, the Court finds that based on Roxane's initial moving papers and Plaintiffs' supplemental declaration, the parties have shown that the Confidential Materials should be sealed pursuant to L.Civ.R. 5.3(c)(2).

According to L.Civ.R. 5.3(c)(2), a party seeking an Order to seal materials must

> describe (a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available.

Here, the parties have adequately described the nature of the materials at issue as the commercially sensitive, proprietary and/or trade secret information, including the parties' confidential business information and strategies, contained in the above-described Confidential Materials. In addition, the parties have established that they have a legitimate private interest in maintaining the confidentiality of their commercially sensitive, proprietary and/or trade secret information. Likewise, the parties have shown that should the Confidential Materials be publicly disclosed, then they would suffer a clearly defined and serious injury as their competitors would "unjustly gain the ability to thwart, anticipate or usurp" the parties' commercially sensitive, proprietary and/or trade secret information. (Silverstein Decl. at ¶9; McShane Decl. at ¶8). Further, by limiting their request to seal to only portions of Roxane's Opposition Brief and to only those Exhibits that contain their commercially sensitive, proprietary and/or trade secret information, the parties have established that their request represents the least restrictive alternative.

**IT IS SO ORDERED.**

**IT IS FURTHER ORDERED THAT ROXANE'S MOTION TO SEAL IS GRANTED.**

**IT IS FURTHER ORDERED THAT THE CLERK OF THE COURT TERMINATE THIS MOTION [DOCKET ENTRY NO. 135] ACCORDINGLY.**

<u>s/  Tonianne J. Bongiovanni</u>
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**